Citation Nr: 1045638 
Decision Date: 12/06/10 Archive Date: 12/14/10

DOCKET NO. 06-31 773 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office 
in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for a heart disability, to 
include as being due to or aggravated by the appellant's service-
connected psychiatric disorder. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Patrick J. Costello, Counsel




INTRODUCTION

The Veteran served in the United States Army from June 1946 to 
February 1947. 

This matter comes before the Board of Veterans' Appeals (Board) 
from a March 2006 rating decision of the Department of Veterans 
Affairs (VA), Regional Office (RO), in Augusta, Maine. That 
rating decision denied the Veteran's attempts to reopen his 
claims for service connection for a heart disability and a 
psychiatric disorder because new and material evidence had not 
been submitted. A January 2008 rating decision from the RO in 
St. Petersburg, Florida, denied service connection for PTSD. 

Upon reviewing the Veteran's claim, the Board, in a 
Decision/Remand, of February 2009, reoepened the Veteran's claims 
involving the heart and a psychiatric disorder (not to include 
PTSD). Those two issues were then returned to the RO via the 
Appeals Management Center (AMC), in Washington, DC, for 
additional development. The remaining issue, that involving 
entitlement to service connection for PTSD, was denied by the 
Board. 

The record reflects that after further information was obtained 
by the RO/AMC, it granted service connection for a psychiatric 
disorder. The remaining issue, that involving a heart 
disability, was subsequently returned to the Board for review. 
The appeal is once again REMANDED to the RO via the AMC. VA will 
notify the Veteran if further action is required.

Please note this appeal has been advanced on the Board's docket 
pursuant to 38 C.F.R. § 20.900(c) (2010). 38 U.S.C.A. § 
7107(a)(2) (West 2002).


REMAND

The Veteran has come before the VA asking that service connection 
be granted for a heart disorder. To support his claim, the 
Veteran has provided statements that indicate that while he was 
on active duty, he experienced shortness of breath and chest 
pains. Shortly after he was discharged from the service, he 
sought VA compensation benefits for a heart disability. Service 
connection was denied because, at that time, the Veteran was not 
exhibiting symptoms and manifestations suggestive of a heart 
disability. 

The Veteran has since proffered an opinion by a VA doctor that 
was written in August 2005. In that opinion, the VA doctor 
stated that after the Veteran was discharged from service, the 
Veteran was diagnosed as suffering from hypertension. He was 
eventually given medications for control of the hypertension. 
Then in 1998, he suffered a cardiac incident which led to 
coronary artery bypass graft surgery. The doctor noted that the 
coronary artery disease preceded a 1997 stroke. Upon completion 
of the exam, the VA doctor diagnosed the Veteran as suffering 
from essential hypertension, coronary artery disease, severe left 
ventricular dysfunction, and status post coronary artery bypass 
graft of five vessels. The VA doctor further wrote:

 . . . The heart condition is at least 
as likely as not service related. The 
veteran has cardiac symptoms which started 
in the service but he doesn't have the 
diagnosis of cardiac disease, but these 
symptoms were most likely due to cardiac 
disease.

After the Veteran's claim had been denied by his local regional 
office, he appealed the denial to the Board. The Board then 
concluded that additional medical information was needed with 
respect to the Veteran's current heart disability. Hence, the 
claim was returned and a VA doctor was requested to review the 
claim and proffer an etiological opinion concerning the Veteran's 
cardiac disorder. Such an opinion was proffered in March 2009. 

In that review and opinion, it is noted that the examiner stated 
that the Veteran had cardiac symptoms while in service, and 
shortly thereafter, and then he did not experience any type of 
cardiac condition until December 1998 when he suffered from a 
myocardial infarction and cardiac arrest. The examiner reported 
that the Veteran had a long history of COPD and cigarette 
smoking, but no mention was made of his hypertension. The 
examiner further wrote that the Veteran's congestive heart 
disease began in December 1998 and that earlier possible 
prodromas were not indicative of a diagnosable heart condition. 
The examiner ended his review with the following:

 . . . We have no documentation of a 
continuum of cardiac problems or care 
connecting the vague, nonspecific chest 
discomfort from 1946 to the massive MI he 
suffered in 1998.

If he was starting with coronary heart 
disease in1946, he would have had the major 
MI much sooner th[an] 1998, since he smoked 
very heavily until 1997, the year before 
the MI.

 . . . it seems less likely as not that 
his 1998 coronary heart disease was caused 
by or related to his vague in service chest 
discomfort 52 years before his massive MI 
in 1998. 

In an August 2010 rating decision, the RO granted service 
connection for anxiety disorder. In light of the reports in 
service of symptoms that were apparently psychiatric in nature, 
the issue of secondary service connection pursuant to 38 C.F.R. 
§ 3.310 is raised. As anxiety neurosis was not service-connected 
at the time of the last examination, another VA examination is 
warranted. In addition, notice pursuant to the Veterans Claims 
Assistance Act should be provided concerning secondary service 
connection and the RO should consider 38 C.F.R. § 3.310 in the 
supplemental statement of the case. 

Therefore, to ensure that VA has met its duty to assist the 
claimant in developing the facts pertinent to the claims and to 
ensure full compliance with the pronouncements of the United 
States Court of Appeals for Veterans Claims (Court), and due 
process requirements, the case is REMANDED to the RO/AMC for the 
following development:

1. Notify the Veteran of the information 
and evidence needed to substantiate a claim 
for secondary service connection under 38 
C.F.R. § 3.310.

2. The RO/AMC should arrange for a 
cardiology examination of the Veteran. If 
possible, the examination should be 
performed by a medical doctor to assess 
whether the Veteran now suffers from a 
heart disability and the etiology of said 
condition. The claims folder and a copy of 
this REMAND should be made available to the 
examiner for review in conjunction with the 
examination. The examiner is asked to 
indicate that he or she has reviewed the 
claims folder. 

After reviewing the file and examining the 
Veteran, the examiner should render an 
opinion as to whether it is at least as 
likely as not that any found cardiac 
condition is related to or caused by his 
military service. If not, is any found 
cardiac condition caused by his service-
connected psychiatric disorder. If not, is 
it aggravated (i.e., permanently worsened 
beyond the natural progression) by the 
service-connected psychiatric disorder. If 
would be helpful if the examiner would use 
the following language, as may be 
appropriate: "more likely than not" 
(meaning likelihood greater than 50%), "at 
least as likely as not" (meaning likelihood 
of at least 50%), or "less likely than 
not" or "unlikely" (meaning that there is 
a less than 50% likelihood).

The term "at least as likely as not" does 
not mean "within the realm of medical 
possibility." Rather, it means that the 
weight of medical evidence both for and 
against a conclusion is so evenly divided 
that it is as medically sound to find in 
favor of that conclusion as it is to find 
against it.

The examiner must provide a comprehensive 
report including rationales for all 
opinions and conclusions. The examiner 
should consider the symptoms the Veteran 
experienced while he was on active duty and 
any reports by the Veteran of continuing 
symptoms following his discharge from 
service. If further testing or examination 
by specialists is required to evaluate the 
claimed disorder, such testing or 
examination is to be done before completion 
of the examination report.

3. Following completion of the foregoing, 
the RO/AMC must review the claims folder 
and ensure that all of the foregoing 
development actions have been conducted and 
completed in full. If any development is 
incomplete, appropriate corrective action 
is to be implemented. Specific attention 
is directed to the examination report. If 
the examination report does not include 
fully detailed descriptions of pathology 
and all test reports, special studies or 
adequate responses to the specific opinions 
requested, the reports must be returned for 
corrective action. 38 C.F.R. § 4.2 (2010); 
see also Stegall v. West, 11 Vet. App. 268 
(1998).

4. Thereafter, the RO/AMC should 
readjudicate the issue noted on the title 
page of this decision. If the benefit 
sought on appeal remains denied, the 
Veteran and his accredited representative 
should be provided an SSOC regarding the 
issue now on appeal. The SSOC must contain 
notice of all relevant actions taken on the 
claims for benefits, to include a summary 
of the evidence and applicable law and 
regulations considered pertinent to the 
issue currently on appeal. The criteria 
in 38 C.F.R. § 3.310 should be set 
forth and considered. An appropriate 
period of time should be allowed for 
response. Thereafter, the case should be 
returned to the Board, if in order.

The Board intimates no opinion as to the ultimate outcome of this 
case. The Veteran need take no action unless otherwise notified.

The purpose of the examination requested in this remand is to 
obtain information or evidence (or both) which may be dispositive 
of the appeal. Therefore, the Veteran is hereby placed on notice 
that pursuant to 38 C.F.R. § 3.655 (2010) failure to cooperate by 
attending the requested VA examination may result in an adverse 
determination. See Connolly v. Derwinski, 1 Vet. App. 566, 569 
(1991).

The Veteran has the right to submit additional evidence and 
argument on the matter or matters the Board has remanded. 
Kutscherousky v. West, 12 Vet. App. 369 (1999). Please note, 
this appeal has been advanced on the Board's docket 
pursuant to 38 C.F.R. § 20.900(c) (2010). Expedited 
handling is requested. The law requires that all claims that 
are remanded by the Board of Veterans' Appeals or by the United 
States Court of Appeals for Veterans Claims for additional 
development or other appropriate action must be handled in an 
expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 
2010).



_________________________________________________
S. S. TOTH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the 
Board of Veterans' Appeals is appealable to the United States 
Court of Appeals for Veterans Claims. This remand is in the 
nature of a preliminary order and does not constitute a decision 
of the Board on the merits of your appeal. 38 C.F.R. 
§ 20.1100(b) (2010).